IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRICKSTOP CORPORATION, | ) | Case Number: 1:08-cv-02690 |
| | ) | |
| Plaintiff, | ) | Assigned Judge: Gettleman |
| | ) | |
| v. | ) | Designated |
| | ) | Magistrate Judge: Cole |
| VALLEY VIEW INDUSTRIES, H.C., Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF BRICKSTOP CORPORATION'S
MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff BrickStop Corporation ("BrickStop") requests that the Court enter a preliminary injunction against Defendant Valley View Industries, H.C., Inc.'s ("Valley View's") continued use of BrickStop's trade dress in connection with the advertising, promotion, or sale of any goods and services related to hardscaping or landscaping. In support of its Motion, BrickStop states:

1. For seven years, BrickStop has used a distinctive, ornamental, and non-functional trade dress in paver edging products to promote and advertise its line of paver edge goods.

2. Use of the distinctive trade dress is a unique and appropriate way to build a connection with BrickStop's current and prospective customers.

3. Defendant Valley View has recently begun use of a confusingly similar trade dress in its Diamond Paver Edge product to promote and advertise its line of paver edge goods, to the detriment of BrickStop.

4. Valley View's use of BrickStop's distinctive trade dress infringes BrickStop's rights in its trade dress and constitutes unfair competition.

5. Valley View has also engaged in unfair competition by displaying images of BrickStop's product and trade dress on Valley View's advertising.

6. BrickStop will likely succeed on the merits of its claims.

7. BrickStop has no adequate remedy at law and will be irreparably harmed if Valley View is not preliminarily enjoined from its continued use of BrickStop's distinctive trade dress and enjoined from the other complained of unfair competition.

8. The public interest will be served by preliminarily enjoining Valley View's tortious acts.

9. BrickStop is contemporaneously submitting its Memorandum of Law in Support of this Motion, along with the Declarations of David Frieberg, Jason Brown, Gary Wein, Al Train, and Joel Hutchinson.

WHEREFORE, BrickStop prays that the Court enter an order in this case prohibiting and enjoining Valley View, and anyone acting in concert with it, from using BrickStop's trade dress, or any other substantially similar trade dress, for its paver edge products and from displaying BrickStop's products and trade dress in its advertising.

|                        | Respectfully Submitted, |
|---|---|
| Dated: _____ | _____ |

Mark Hellmann
Hellmann Law Group
2 North LaSalle Street, Suite 1808
Chicago, Illinois 60602
Tel.    312-580-9070
Fax    847-556-0031
mark@hellmann.com

Of Counsel:

HOVEY WILLIAMS LLP
Scott R. Brown (*pro hac vice pending*)
Jennifer C. Bailey (*pro hac vice pending*)
Matthew B. Walters (*pro hac vice pending*)
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
Tel.    913-647-9050
Fax    913-647-9057
srb@hoveywilliams.com
jcb@hoveywilliams.com
mbw@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
BRICKSTOP CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on June __, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Monica L. Thompson          monica.thompson@dlapiper.com
Richard Blake Johnston      blake.johnston@dlapiper.com
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
(312) 368-4000

ATTORNEYS FOR DEFENDANT
VALLEY VIEW INDUSTRIES, H.C., INC.

_____