UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRICKSTOP CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CV-2690 |
| | ) | |
| v. | ) | Honorable Judge Gettleman |
| | ) | |
| VALLEY VIEW INDUSTRIES, H.C., INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**Answer**

Defendant, Valley View Industries, H.C., Inc. ("Valley View"), for its Answer and Counterclaims to the Complaint filed by Plaintiff BrickStop Corporation ("BrickStop") states as follows:

**Jurisdiction**

1.      This is an action for trade dress infringement, unfair competition, and trademark infringement in violation of 15 U.S.C. § 1125(a), copyright infringement in violation of 17 U.S.C. § 501, deceptive trade practices in violation of 815 Ill. Comp. Stat. Ann. 510, and unfair competition in violation of 815 Ill. Comp. Stat. Ann. 505.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(a), (b), 28 U.S.C. § 1332, and 28 U.S.C. § 1357.

**ANSWER:**

Valley View admits that this action purportedly arises under 15 U.S.C. § 1125(a), 17 U.S.C. § 501, 815 Ill. Comp. Stat. Ann. 510, 815 Ill. Comp. Stat. Ann. 505.  Valley View admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a), (b), 28 U.S.C. § 1332, and 28 U.S.C. § 1357.   Answering further, Valley View denies any implication that it has ever violated any of Plaintiff's rights under 15 U.S.C. § 1125(a); 815 Ill. Stat.Ann. §§ 505 and 815 or 17 U.S.C. § 501.  Valley View further answers that those acts which Plaintiff asserts in its Complaint as giving rise to an action under  17 U.S.C. § 501 were discontinued upon the demand

of Plaintiff months before this action was filed and that no ground existed as of the filing of this

Complaint, or at any time since for Plaintiff to form any good faith belief that such acts have

continued or are likely to resume.

2.      Venue is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant Valley View Industries, H.C., Inc. is a corporation that does significant business and advertising in this judicial district, and a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

**ANSWER:**

Valley View admits that venue is proper under 28 U.S.C. § 1391(b) and (c) in that Valley

View is a corporation that does significant business and advertising in this judicial district.

Valley View denies the remaining allegations of paragraph 2.

## The Parties

3.      Plaintiff BrickStop Corporation, ("BrickStop") is a corporation duly organized under the laws of Ontario, Canada with a principal place of business at 205 Champagne Drive, Unit 3A, Toronto, Ontario M3J 2C6, Canada.

**ANSWER:**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 3 and therefore denies the same.

4.      Defendant Valley View Industries, H.C., Inc., is a corporation organized under the laws of Illinois with a principal place of business at 13834 Kostner Avenue, Crestwood, Illinois 60445.

**ANSWER:**

Valley View admits the allegations of paragraph 4.

## Facts Common to All Counts

5.      For nearly twenty years, BrickStop has designed, manufactured, and sold paving edging restraint systems for, *inter alia*, landscapers, landscape architects, and home owners throughout the world.

**ANSWER:**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of  paragraph 5 and therefore denies the same.

6.    Paving edging restraint systems are used to retain brick and stone installations to ensure low maintenance and long life of landscaping designs, such as patios and walks.

**ANSWER:**

Valley View admits that the allegations of paragraph 6 identifies some of the uses and benefits of paving edging restraints but denies any implication that all such benefits are enumerated in this paragraph.

7.    Since 2001, BrickStop has manufactured and sold two paver edging products under the names B.E.A.S.T. and Son of the B.E.A.S.T. (collectively "B.E.A.S.T."). BrickStop's B.E.A.S.T. paver edging product incorporates an original, distinctive, ornamental design (the "BrickStop Design").  Attached as Exhibit A is an image of BrickStop's B.E.A.S.T. product incorporating the BrickStop Design.

**ANSWER:**

Valley View admits on information and belief that BrickStop sells a paver edging product under the mark B.E.A.S.T. and that Exhibit A appears to be an image of such product.  Valley View denies that the B.E.A.S.T. product incorporates an original, distinctive or ornamental design in any trademark, trade dress or product configuration context.   Valley View lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies the same.

8.    BrickStop has sold over 35 million feet of the B.E.A.S.T. paver edging featuring the distinctive BrickStop Design.

**ANSWER:**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9.     BrickStop has spent several hundred thousand dollars advertising and promoting the B.E.A.S.T. paver edging featuring the distinct BrickStop Design.

**<u>ANSWER:</u>**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10.     BrickStop has accrued significant goodwill in its business and product designs in that BrickStop products have been selected for use in numerous locations, such as the Korean War Memorial and the official residence of the Archbishop of the Czech Republic.

**<u>ANSWER:</u>**

Valley View denies that the BrickStop Design has become associated with or a symbol of significant goodwill.  Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11.     BrickStop actively and prominently promotes the B.E.A.S.T. product in print advertisements.  Exhibit B, attached hereto, is one such advertisement (the "BrickStop Ad"), which prominently shows the B.E.A.S.T. product and the BrickStop Design.

**<u>ANSWER:</u>**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12.     The BrickStop Ad features images (the "BrickStop Images") that constitute original works, each of which is copyrightable subject matter under the laws of the United States.

**<u>ANSWER:</u>**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13.     On May 1, 2008, BrickStop submitted the requisite fees and deposits for the following copyrights:

a.     Application entitled "Beast Artwork";

> b. Application entitled "Beast Artwork", a derivative of Graphic Artwork for the "Beast Paver Edging", which added additional graphic artwork;
>
> c. Application entitled "Beast Brochure", a derivative of Graphic Artwork for the "Beast Artwork", which added text and additional graphic artwork; and
>
> d. Application entitled "Beast Brochure", a derivative of Graphic Artwork and Text for the "Beast Brochure", which added additional graphic artwork and text.

Attached hereto as Exhibit C are copies of the copyright registration forms.

**ANSWER:**

a. Valley View admits that a copy of a copyright application entitled "Beast Artwork" appears to be attached as part of Exhibit C.

b. Valley View admits that a copy of a copyright application entitled "Beast Artwork" appears to be attached as part of Exhibit C.

c. Valley View admits that a copy of a copyright application entitled "Beast Brochure" appears to be attached as part of Exhibit C.

d. Valley View admits that a copy of a copyright application entitled "Beast Brochure" appears to be attached as part of Exhibit C.

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies the same.

14. BrickStop has used the BrickStop Design for an extensive amount of time in its print advertisements, including brochures, and on other promotional items, including T-shirts. BrickStop has expended substantial amounts of money promoting the BrickStop Design. As such, the BrickStop Design serves to identify BrickStop as the source of the goods bearing the design.

**ANSWER:**

Valley View denies that the BrickStop Design serves to identify BrickStop as the source of the goods bearing the design. Valley View lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15.     Valley View is a competitor with BrickStop in that Valley View designs, manufactures, and sells paver edging restraint systems.  One product sold by Valley View is its Diamond Paver Edge product.

**ANSWER:**

Valley View admits the allegations of paragraph 15.

16.     Valley View's Diamond Paver Edge product incorporates a design (the "Valley View Design") that is substantially similar to, if not identical to, the BrickStop Design featured on the BrickStop B.E.A.S.T. product.  Attached as Exhibit D is an image of a section of paver edging sold by Valley View as the Diamond Paver Edge.

**ANSWER:**

Valley View admits that Exhibit D appears to be an image of a section of paver edging

sold by Valley View as the Diamond Paver Edge.  Valley View denies the remaining allegations

of paragraph 16.

17.     Upon information and belief, Valley View created the Valley View Design by engaging the services of a toolmaker to make a mold using a piece of BrickStop's B.E.A.S.T. product incorporating the BrickStop Design.  Upon information and belief, Valley View used this mold to create the Valley View Design.

**ANSWER:**

Valley View admits that it made reference to a piece of the BrickStop B.E.A.S.T. product

when it designed its Diamond Paver Edge product and that it may have shown a piece of the

BrickStop B.E.A.S.T. product to one of its outside vendors when developing the Diamond Paver

Edge product.  Valley View denies that it ever instructed any toolmaker or fabricator to simply

copy the BrickStop B.E.A.S.T. product and further denies that the Diamond Paver Edge is a

replica of the BrickStop B.E.A.S.T. product.  Valley View denies any remaining allegation of

paragraph 17.

18.     Valley View copied the BrickStop Design.

**ANSWER:**

Valley View admits that it made reference to a piece of the BrickStop B.E.A.S.T. product when it designed its Diamond Paver Edge product. Valley View denies that the Diamond Paver Edge is a replica of the BrickStop Design.

19.     Valley View has promoted its Diamond Paver Edge product at one of the largest trade shows in this industry. Furthermore, Valley View has actively and prominently promoted its Diamond Paver Edge product in this judicial district with potential customers, and in advertisements, including, but not limited to, print advertising, brochures and the internet. Exhibit E, attached hereto, is one such advertisement (the "Valley View Ad"), which prominently shows the Valley View Design incorporated into the Diamond Paver Edge product.

**ANSWER:**

Valley View admits that it has promoted its Diamond Paver Edge product at a trade show and that it has actively promoted its Diamond Paver Edge product in this judicial district with potential customers and in advertisements, including print advertising, brochures and on internet pages. Valley View further admits that Exhibit E shows the Diamond Paver Edge product, but denies that this ad was ever prominently used, or that it has been used since a date prior to March 7, 2008, or that Valley View has any intent to resume the use of this advertisement. Valley View denies the remaining allegations of paragraph 19.

20.     The Valley View Ad contains a copy of the BrickStop Images with Valley View's Diamond Paver Edge product superimposed over part of BrickStop's the B.E.A.S.T. product.

**ANSWER:**

Valley View admits that some of the pictures that it used in the Valley View Ad were taken from, though not identical copies of, images found on a BrickStop advertisement and that among other changes, images of the Diamond Paver Edge product were superimposed over the portion of the image that had shown BrickStop's the B.E.A.S.T. product. Valley View denies the remaining allegations of paragraph 20.

21.     Because of the striking similarities between the BrickStop and Valley View designs and advertisements, BrickStop sent Valley View a letter to try and amicably resolve the matter.  Valley View refused to stop selling the Valley View Design.

**ANSWER:**

Valley View admits that it received a letter from Brickstop and that Valley View refused to stop selling the Diamond Paver Edge product.  Valley View denies that there are striking similarities between the BrickStop and Valley View products, and denies that it refused to amicably resolve any matter concerning Valley View's advertising, though Valley View does not admit that BrickStop had the right to make such demand.  Valley View denies the remaining allegations of paragraph 21.

22.     Although Valley View claimed to BrickStop that it had stopped using the BrickStop Images, Valley View now displays another copy of the images in its advertising on the internet.  Attached as Exhibit F is a printout from Valley View's website of the latest image Valley View uses incorporating BrickStop's Design and Images.

**ANSWER:**

Valley View admits that it claimed to and did stop using all images derived from a BrickStop image on or before March 7, 2008.  Valley View admits that Exhibit F shows content that can be found in Valley View's advertising, but denies that this content incorporates the BrickStop Design or Images.  Valley View denies the remaining allegations of  paragraph 22.

**First Cause of Action**
**Trade Dress Infringement**
**(15 U.S.C. § 1125(a)**

23.     BrickStop incorporates by reference and realleges Paragraphs 1 through 22, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 22 as its answer to paragraph 23.

24.    BrickStop has continuously and consistently used original, distinctive, and ornamental features incorporated into the BrickStop Design in commerce as trade dress to identify its B.E.A.S.T. paver edging product since at least as early as 2001.   BrickStop added additional original, distinctive, and ornamental features in 2005 without changing the existing features.  The BrickStop Design serves to identify BrickStop as the source of the goods bearing the design because relevant consumers have come to associate the BrickStop Design with BrickStop or have come to associate the BrickStop Design as a designation of source from a single manufacturer.

**ANSWER:**

Valley View denies that the BrickStop Design serves to identify BrickStop as the source of the goods bearing the design or that relevant consumers have come to associate the Brickstop Design with BrickStop or have come to associate the BrickStop Design as a designation of source from a single manufacturer.  Valley View further denies that the product configuration of the B.E.A.S.T. paver edging is distinctive or ornamental or that it comprises a trade dress.  Valley View lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of  paragraph 24 and therefore denies the same.

25.    The BrickStop Design had no functional requirement, and its use on the paver edging product is original, ornamental, and distinctive.

**ANSWER:**

Valley View denies the allegations of paragraph 25.

26.    Valley View adopted the Valley View Design after basing it on the prior BrickStop Design.

**ANSWER:**

Valley View admits that it made reference to a piece of the BrickStop B.E.A.S.T. product when it designed its Diamond Paver Edge product.  Valley View denies any implication that the Diamond Paver Edge is the same as the B.E.A.S.T. product in design and denies any remaining allegation in paragraph 26.

27.    A visual inspection of the BrickStop Design and Valley View Design, as shown in Exhibits A and D, respectively, demonstrates that the Valley View Design is nearly identical and confusingly similar to the BrickStop Design and, as such, is likely to cause confusion, mistake, or deception to the relevant public as to source, sponsorship, or approval of such goods. Valley View is palming off its own goods as those of BrickStop.

**ANSWER:**

Valley View denies the allegations of paragraph 27.

28.    Upon information and belief, Valley View has deliberately and willfully infringed BrickStop's trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and BrickStop has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Valley View from its continuing infringement pursuant to 15 U.S.C. § 116.

**ANSWER:**

Valley View denies the allegations of paragraph 28.

29.    As a result of Valley View's deliberate and willful infringement of BrickStop's trade dress, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

**ANSWER:**

Valley View denies the allegations of paragraph 29.

**Second Cause of Action**
**Unfair Competition**
**(15 U.S.C. § 1125)**

30.    BrickStop incorporates by reference and realleges Paragraphs 1 through 29, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 29 as its answer to paragraph 30.

31.    The BrickStop Ad uses the BrickStop Design to identify BrickStop as the source of the goods bearing the design.

**ANSWER:**

Valley View denies the allegations of paragraph 31.

32.     The BrickStop Design is an indication of source of origin of the goods sold by BrickStop.  The BrickStop Design as used by BrickStop has acquired a substantial and favorable reputation and goodwill in connection with the goods offered by BrickStop, including the B.E.A.S.T. paver edging product.   The BrickStop Design is prominently featured in its advertising.

**ANSWER:**

Valley View denies the allegations of paragraph 32.

33.     Valley View's unauthorized use of the BrickStop Images within its advertising, which advertising shows the BrickStop Design, is likely to and is intended to cause confusion or mistake or to deceive as to the affiliation, connection or association of Valley View with BrickStop or the possible origin, sponsorship or approval of Valley View's goods with BrickStop.

**ANSWER:**

Valley View denies the allegations of paragraph 33.

34.     Valley View's use of the Valley View Ad is a misrepresentation that Valley View is affiliated with BrickStop, which constitutes unfair competition with BrickStop.

**ANSWER:**

Valley View denies the allegations of paragraph 34.

35.     Upon information and belief, Valley View has deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.  Valley View's conduct irreparably damaged BrickStop, and in consequence thereof, unless Valley View is restrained and enjoined, BrickStop will suffer further and irreparable damage for which BrickStop has no full and adequate remedy at law.  As a result of Valley View's deliberate and willful conduct, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized by law.

**ANSWER:**

Valley View denies the allegations of paragraph 35.

### Third Cause of Action
### Trademark Infringement
### (15 U.S.C. § 1125)

36.     BrickStop incorporates by reference and realleges Paragraphs 1 through 35, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 35 as its

answer to paragraph 36.

37.     Since as early as 2001, BrickStop has used the BrickStop Design as a logo (the "Design Logo") in commercial advertising, including in brochures and on t-shirts.  Consumers have come to associate the Design Logo with BrickStop and as such BrickStop has developed common law trademark rights in the Design Logo.

**ANSWER:**

Valley View denies that consumers have come to associate the Design Logo with

BrickStop and that BrickStop has developed common law trademark rights in the Design Logo.

Valley View lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of paragraph 37 and therefore denies the same.

38.     Valley View's adoption and use of the Design Logo to identify Valley View's Diamond Paver Edge product constitutes use of a copy and colorable imitation of the Design Logo, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods of Valley View emanate from the same source of the goods previously provided by BrickStop, or that there is some connection, sponsorship, or affiliation between the goods of BrickStop and Valley View.

**ANSWER:**

Valley View specifically denies that it uses the Design Logo and further denies the

remaining allegations of paragraph 38.

39.     Valley View's conduct constitutes an infringement of BrickStop's common law trademark and is actionable under the provisions of 15 U.S.C. § 1125.

**ANSWER:**

Valley View denies the allegations of paragraph 39.

40.     Upon information and belief, Valley View's conduct has been and continues to be with the intent to willfully appropriate the marks and goodwill of BrickStop and to intentionally deceive the purchasing public.

**ANSWER:**

Valley View denies the allegations of paragraph 40.

41.     Valley View is aware of the prior rights of BrickStop and will continue its conduct as set forth above to the irreparable damage to BrickStop unless enjoined by the court, whereby BrickStop is without a full and adequate remedy at law.  As a result of Valley View's deliberate and willful conduct, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other  relief authorized by law.

**ANSWER:**

Valley View denies the allegations of paragraph 41.

**Fourth Cause of Action**
**Copyright Infringement**
**(15 U.S.C. § 501)**

42.     BrickStop incorporates by reference and realleges Paragraphs 1 through 41, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 42 as its

answer to paragraph 42.

43.     BrickStop's various advertisements, including the BrickStop Ad as shown in Exhibit B, and the BrickStop Images contain original work fixed in a tangible medium of expression and each is copyrightable subject matter under the laws of the United States.

**ANSWER:**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 43 and therefore denies the same.

44.     BrickStop has applied for copyright protection of its original works, including the BrickStop Ad and BrickStop Images, and filed numerous applications for copyright, paid the requisite fees, and submitted the required deposits to obtain copyright protection of the BrickStop works.  BrickStop is the owner of the copyrights for its original works, including the BrickStop Ad.

**ANSWER:**

Valley View lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of paragraph 44 and therefore denies the same.

45.     The Valley View Ads, as shown in Exhibits E and F, have been published and disseminated into interstate commerce and are infringing copies of the BrickStop Ad and Images and infringe BrickStop's copyrights identified in the four copyright applications.

**ANSWER:**

Valley View admits that the Valley View Ads of Exhibits E and F have been published

and disseminated into interstate commerce.  Valley View specifically denies that the ad shown in

Exhibit E has been in use since a date on or prior to March 7, 2008 and further denies the

remaining allegations of paragraph 45.

46.     Valley View had access to the BrickStop Ad by way of BrickStop's widespread advertisements featuring the BrickStop Ad and Images.

**ANSWER:**

Valley View admits that it had access to the BrickStop Ad.  Valley View lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of

paragraph 46 and therefore denies the same.

47.     The Valley View Ads are substantially similar to the original work contained in the BrickStop Ad and Images so as to constitute copyright infringement.

**ANSWER:**

Valley View denies the allegations contained in paragraph 47.

48.     Upon information and belief, Valley View's acts of infringement were willful and intentional.

**ANSWER:**

Valley View denies the allegations contained in paragraph 48.

49.    Valley View's infringement of BrickStop's copyrights caused irreparable damage to BrickStop, and in consequence thereof, unless Valley View is restrained and enjoined, BrickStop will suffer further and irreparable damage for which BrickStop has no full adequate remedy at law.  As a result of  Valley View's deliberate and willful conduct, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized by law.

**ANSWER:**

Valley View denies the allegations of paragraph 49.

**Fifth Cause of Action**
**Deceptive Trade Practices**
**(815 Ill. Comp. Stat. Ann. 510)**
**(Design)**

50.    BrickStop incorporates by reference and realleges Paragraphs 1 through 49, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 49 as its

answer to paragraph 50.

51.    Valley View's adoption and use of the BrickStop Design in Valley View's products, particularly the Diamond Paver Edge product, causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services in violation of 815 Ill. Comp. Stat. ann. 510/2(a)(2), and BrickStop has been and will continue to be irreparably harmed by such information unless this Court enjoins Valley View from its continuing infringement pursuant to 815 Ill. Comp. Stat. Ann. 510/3.

**ANSWER:**

Valley View denies the allegations of paragraph 51.

52.    Upon information and belief, Valley View's conduct was, and continues to be, deliberate and willful.  As a result of Valley View's deceptive trade practices, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized under 815 Ill. Comp. Stat. Ann. 510.

**ANSWER:**

Valley View denies the allegations of paragraph 52.

**Sixth Cause of Action**
**Deceptive Trade Practices**
**(815 Ill. Comp. Stat. Ann. 510)**
**(Advertisement)**

53.    BrickStop incorporates by reference and realleges Paragraphs 1 through 52, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 52 as its

answer to paragraph 53.

54.    The Valley View Ad, which features the Valley View Diamond Paver Edge product superimposed on top of the BrickStop's Ad, falsely represents that Valley View's goods have sponsorship, approval, status, affiliation, or connection with BrickStop, and/or otherwise creates a likelihood of confusion or misunderstanding, in violation of 815 Ill. Comp. Stat. Ann. 510/2(a)(5), and/or (12), and BrickStop has been, and will continue to be, irreparably harmed by such infringement unless this Court enjoins Valley View from its continuing infringement pursuant to 815 Ill. Comp. Stat. Ann. 510.

**ANSWER:**

Valley View denies the allegations contained in paragraph 54.

55.    Upon information and belief, Valley View's conduct was deliberate and willful. As a result of Valley View's deceptive trade practices, BrickStop is entitled to damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized under 815 Ill. Comp. Stat. Ann. 510.

**ANSWER:**

Valley View denies the allegations contained in paragraph 55.

**Seventh Cause of Action**
**Unfair Competition under the**
**Consumer Fraud and Deceptive Business Practices Act**
**(815 Ill. Comp. Stat. Ann. 505)**

56.    BrickStop incorporates by reference and realleges Paragraphs 1 through 55, above, as if fully set forth herein.

**ANSWER:**

Valley View repeats each and every answer set forth in Paragraphs 1 through 55 as its

answer to paragraph 56.

57.    Valley View's deceptive trade practices, as identified above, constitute unfair competition in violation of 815 Ill. Comp. Stat. Ann 505/2, and BrickStop has been, and will continue to be, irreparably harmed by such unfair competition unless this Court enjoins Valley View from its continuing infringement pursuant to 815 Ill. Comp. Stat. Ann. 505/10a.

**ANSWER:**

Valley View denies the allegations of paragraph 57.

58.    Upon information and belief, Valley View's conduct was deliberate and willful. As a result of Valley View's unfair competition practices, BrickStop has suffered damages and is entitled to recover damages, Valley View's profits, attorneys' fees and costs, and any and all other relief authorized under 815 Ill. Comp. Stat. Ann. 505.

**ANSWER:**

Valley View denies the allegations of paragraph 58.

**Prayer for Relief**

Valley View requests that judgment be entered in its favor and against BrickStop on each

of its claims, and that:

1.    BrickStop's request for a preliminary and permanent injunction be denied in its

entirety;

2.     This Court enter such other relief as it deems appropriate.

Respectfully, submitted,

VALLEY VIEW INDUSTRIES, H.C., INC.

By:  ___/s/ R. Blake Johnston_____
          One of its Attorneys

Attorneys for Defendant
Monica L. Thompson
R. Blake Johnston
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
Tel:  312 368-4000

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, a copy of the foregoing **ANSWER** was filed electronically.    Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By:    /s/ R. Blake Johnston
      One of its Attorneys

Attorneys for Defendant
Monica L. Thompson
R. Blake Johnston
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
Tel:  312 368-4000