UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRICKSTOP CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CV-2690 |
| | ) | |
| v. | ) | Honorable Judge Gettleman |
| | ) | |
| VALLEY VIEW INDUSTRIES, H.C., INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF**
**STIPULATED PROTECTIVE ORDER**

Defendant, Valley View Industries, H.C., Inc. ("Valley View"), by its attorneys, and under federal Rule of Civil Procedure 26(c), hereby requests the Court for an Order entering the Stipulated Protective Order which the parties have drafted and signed.

1. The parties have exchanged written discovery which calls for the production or disclosure of certain confidential documents and information.

2. Valley View and Plaintiff BrickStop Corporation ("BrickStop") have agreed to the terms of a Stipulated Protective Order. The parties indicated their agreement by signing the copy of the Stipulated Protective Order which is attached hereto as Exhibit A.

3. The parties have endeavored to include language found in similar Protective Orders entered by this Court.

4. Valley View requests that this Court order the entry of the Stipulated Protective Order.

WHEREFORE, and for all the foregoing reasons, Valley View respectfully requests that this Court enter the Stipulated Protective Order attached hereto as Exhibit A.

CHGO1\31249536.1

Dated: July 30, 2008                                    Respectfully, submitted,

                                                          VALLEY VIEW INDUSTRIES, H.C., INC.


                                        By:    /s/ Monica L. Thompson
                                                   One of its Attorneys

<u>Attorneys for Defendant</u>
Monica L. Thompson
R. Blake Johnston
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
Tel:  312 368-4000

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

By:   /s/ Monica L. Thompson<br>
One of its Attorneys

Attorneys for Defendant
Monica L. Thompson
R. Blake Johnston
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
Tel: 312 368-4000

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRICKSTOP CORPORATION, | ) | Case Number: 1:08-cv-02690 |
| | ) | |
| Plaintiff, | ) | Assigned Judge: Gettleman |
| | ) | |
| v. | ) | Designated |
| | ) | Magistrate Judge: Cole |
| VALLEY VIEW INDUSTRIES, H.C., INC.,) | | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which constitute, identify, or relate to customer lists, financial information of the respective parties, trade secrets or other confidential commercial information, the Court finds that good cause exists for the entry of the following protective order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to provide access by the parties to such confidential information, subject to certain protective provisions set forth herein. The parties to this action are Plaintiff BrickStop Corporation ("BrickStop") and Defendant Valley View Industries, H.C., Inc. ("Valley View"). This is an action between manufacturers of paver restraint systems for trade dress infringement, trademark infringement, unfair competition, copyright infringement, and related state law claims which implicates sensitive customer, financial, manufacturing and marketing information.

By stipulation and agreement of the Parties, and with the express consent of counsel for Plaintiff and counsel for Defendant, IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following terms and conditions shall govern the

treatment of confidential information and documents produced or disclosed in Case Number 1:08-cv-02690 over the course of discovery in this action:

1.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Discovery Material").

2.  Any party to this action and any party producing Discovery Material in connection with this action may designate as "Confidential" any Discovery Material which has not been made public and which, in the designating party's good faith judgment, concerns or relates to the trade secrets, processes, operations, style of work, communications, and competitive information of any person, firm, partnership, corporation, or other organization. Any party may also designate as "Highly Confidential-Attorneys' Eyes Only" any Discovery Material that is particularly sensitive, such as financial information, details of a manufacturing process, identity, address and other contact information for vendors, suppliers, customers and distributors, customer and distributor lists, identification of customers, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other

organization. (Material designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall be referred to in this Stipulation and Order as "Restricted Material").

3. Any written discovery response containing Restricted Material shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate. In the case of a document, each page of the document which contains Restricted Material shall be so marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

4. In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as containing Restricted Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as containing Restricted Material. The following legend shall be placed on the front of any set of interrogatory answers containing Restricted Material: "CONTAINS RESTRICTED MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by court order."

5. Prior to any Court proceeding related to BrickStop's motion for a preliminary injunction, all testimony given at a deposition and each transcript of a deposition shall be presumptively treated as Restricted Material for a period ending seven (7) days following the production of the transcript of the deposition. Prior to the expiration of this period, the party claiming confidentiality may inform the other party in writing of the transcript pages which that party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Thereafter, each party shall treat as confidential those pages so designated as set forth above, and such pages will be subject to the provisions of this Order. If no such designation is

made by a party within seven (7) days after receipt of the transcript by counsel for the deponent, the transcript shall be considered not to contain Restricted Material. Use at deposition of a document previously designated as Restricted Material shall have no effect on its designation. After proceedings at the trial court level have concluded with respect to the motion for a preliminary injunction, the above referenced time deadlines for designation shall be expanded to thirty (30) days from seven (7) days.

6. Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" subsequent to its first disclosure or production, provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the document, thing, testimony or information so designated; (c) shall not have any retroactive effect; and (d) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party. Where the Producing Party designates information or materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this paragraph, the receiving party shall immediately make all reasonable efforts to retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order.

7. Materials designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein shall not be disseminated publicly or disclosed to any person except:

    (a)    the Court, its officers and the jury;

(b)  counsel, and employees of counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation;

(c)  third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit 1 prior to receiving any confidential information, documents or things. The party seeking to engage such third party expert or independent consultant will provide counsel for the opposing party one (1) day notice that it intends to provide such information to the expert or consultant and an opportunity to object to disclosure of any confidential information to such individual. Such notice need only identify the expert or consultant, and need not identify the specific confidential information at issue. If the opposing party requires more time to investigate the prospective recipient of information, the opposing party will contact the disclosing party and will have an additional day to consider the need for objections (or such other time as the parties agree). If the opposing party objects to such disclosure within the time allowed, and such objection shall not be unreasonably made, the disclosing party may not disclose the information without either the agreement of the opposing party or leave of court granting permission for such disclosure. If the opposing party does not communicate its objection within the time allowed then the disclosing party may proceed with the disclosure. [The parties may later

agree in writing to lengthen the time for consideration of a disclosing party's request following the briefing on the preliminary injunction];

(d) "Designated employees" of the receiving party, who shall use such information solely for purposes of this litigation. "Designated employees" shall be limited to a group of no more than two (2) people employed by the receiving party, and prior to receiving Restricted Materials each designated employee shall sign a confidentiality agreement in the form attached hereto as Exhibit 1. Pursuant to Local Rule 26.2(b) of the Northern District of Illinois, each parties' designated employees are identified in Paragraph 17, below.

(e) witnesses or deponents whose testimony is reasonably related to the Restricted Material sought to be disclosed to or by him or her; provided however, that each witness or deponent shall sign a confidentiality agreement in the form attached hereto as Exhibit 1 prior to receiving any Restricted Material;

(f) stenographers, photocopy professionals, trial exhibit and/or document management professionals, and/or other personnel affiliated with neither party who provide services to counsel for the parties in this lawsuit; and

(g) people who authored the Restricted Material or to whom the Restricted Material was previously disclosed without resulting in a violation of this Stipulated Protective Order.

8. Materials designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," copies thereof, and any confidential information contained therein shall not be disseminated publicly or disclosed to any person except:

(a) the Court, its officers and the jury;

(b) counsel and employees of counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation;

(c) third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit 1 prior to receiving any confidential information, documents or things. The party seeking to engage such third party expert or independent consultant must provide counsel for the opposing party one (1) day notice that it intends to provide such information to the expert or consultant and an opportunity to object to disclosure of any confidential information to such individual. Such notice need only identify the expert or consultant, and need not identify the specific confidential information at issue. If the opposing party requires more time to investigate the prospective recipient of information, the opposing party will contact the disclosing party and will have an additional day to consider the need for objections (or such other time as the parties agree). If the opposing party objects to such disclosure within the time allowed, and such objection shall not be unreasonably made, the disclosing party may not disclose the information without either the agreement of the opposing party or leave of court granting permission for such disclosure. If the opposing party does not communicate its objection within the time allowed then the disclosing party may proceed with the disclosure. [The parties may later agree

in writing to lengthen the time for consideration of a disclosing party's request following the briefing on the preliminary injunction];

(d) stenographers, photocopy professionals, trial exhibit and/or document management professionals, and/or other personnel affiliated with neither party who provide services to counsel for the parties in this lawsuit; and

(e) people who authored the Restricted Material or to whom the Restricted Material was previously disclosed without resulting in a violation of this Stipulated Protective Order.

9. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to paragraphs 7(c), 7(d), 7(e), and 8(c) and (d) above, and shall promptly forward a copy thereof to counsel for the Producing Party.

10. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to restrict access to Restricted Materials by all persons except as permitted by paragraphs 7 and 8 above; and shall only in good faith object to the disclosure of confidential information by the opposing party.

11. Nothing in this Stipulated Protective Order shall be taken as or constitute: (a) an indication or acknowledgment by the receiving party that any information, documents, testimony

or things are in fact confidential or are entitled to confidential treatment, or (b) a waiver of the right of either party to move the Court for a protective order prohibiting the disclosure of testimony, information, documents or things on the grounds that such testimony, information, documents or things are so highly confidential and proprietary that they may not be produced or disclosed subject to the provisions of this Stipulated Protective Order. Either party may at any time seek an Order from the Court determining that specified information, documents, discovery materials, or categories thereof: (a) are not entitled to be treated as confidential in accordance with this Stipulated Protective Order, or (b) should or must be produced or disclosed subject to the provisions of this Stipulated Protective Order. Information and materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall, however, remain subject to the provisions of this Stipulated Protective Order unless and until the Court determines that such materials are not entitled to such protection.

12. In compliance with Judge Gettleman's Revised Standing Order Regarding Motion Practice, Disclosures, Briefs and Protective Orders in Civil Cases, (1) the parties shall not file any Restricted Material under seal without previously-obtained court approval, (2) any previously sealed or previously restricted document not returned to either party within 63 days after this case has closed in the Northern District of Illinois shall become part of the public case file; and (3) notwithstanding any power to the contrary, the Parties to this Stipulated Protective Order shall not have the power to modify or otherwise amend the provisions of this Paragraph 12.

13. Nothing in this Order shall prevent any party from using any material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" at trial, except as ordered by the Court or by stipulation of the parties.

14. If a party or non-party inadvertently produces or discloses information that is subject to attorney-client privilege and/or attorney-work product immunity, or other applicable privilege, it may request in writing within ten business (10) days of learning of such inadvertent production or disclosure that the information inadvertently produced or disclosed be returned or destroyed. Such inadvertent production shall not constitute or be construed as a waiver of any applicable privilege either to the information or subject matter of the disclosure. The request must state the nature of the privilege and/or immunity claimed for the inadvertently produced or disclosed information. Upon receipt of such request, the party or non-party in receipt of such information shall in good faith attempt to retrieve all copies of such information and shall return or destroy the information (and shall to the extent possible destroy any notes relating to the information subject to the request). No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may argue that the privilege or immunity has been waived as a result of the inadvertent production or disclosure, nor may that party use any information contained in or obtained from such inadvertent production in this action or for any purpose. If the receiving party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so. If the receiving party files a motion with the court directed to the production of the inadvertently produced materials, upon receipt of the notice of such motion, the producing party will immediately submit copies of the materials that are the subject of such motion to the Court for purposes of an in camera inspection in conjunction with the Court's consideration of the motion. In no event shall the submission of

any material to the Court for in camera inspection constitute a waiver of any privilege or immunity, nor shall any party or non-party argue that any such waiver has occurred. In all events, the producing party is required to preserve the disclosed information until the case is resolved.

15. This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by agreement of the parties. Any party after final disposition of the case may seek to reopen the case and enforce the provisions of this Stipulated Protective Order. The entry of this Stipulated Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

16. Pursuant to Northern District of Illinois Local Rule 26.2(b), the parties agree that upon final termination of this litigation not subject to further appeal, each party may request the return to it of all documents or other Restricted Materials previously furnished to the other party or court, including any copies thereof, and each person or party to whom such documents or other Restricted Materials have been furnished or produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing confidential information in a matter agreeable to both parties; provided however, that outside counsel for each of the parties may retain one (1) copy of all Restricted Materials solely for the purpose of preserving a file in this matter. Upon final termination of this litigation, the parties

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRICKSTOP CORPORATION, | ) | Case Number: 1:08-cv-02690 |
| | ) | |
| Plaintiff, | ) | Assigned Judge: Gettleman |
| | ) | |
| v. | ) | Designated |
| | ) | Magistrate Judge: Cole |
| VALLEY VIEW INDUSTRIES, H.C., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered on _____, in the above-entitled action, that I understand the terms thereof, and that I agree to be bound by such terms.

This, _____ day of _____, 200___.

_____

Print Name: _____

Address: _____

_____

_____

shall retrieve any Restricted Materials it filed in the Northern District of Illinois in this proceeding from the Court.

17. Pursuant to Paragraph 7(d), "Confidential" material may be disclosed to the following employees:

| BrickStop Corporation | Valley View Industries, H.C., Inc. |
|---|---|
| _[signature]_<br>Attorney for BrickStop | _[signature]_ Maureen Thompson<br>ATTORNEY for Valley View |

IT IS SO ORDERED.

Dated this ____ day of _____, 2008.

_____
Robert W. Gettleman
United States District Judge

Respectfully Submitted,

HOVEY WILLIAMS LLP
Scott R. Brown (*pro hac vice*)
Jennifer C. Bailey (*pro hac vice*)
Matthew B. Walters (*pro hac vice*)
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
Tel.   913-647-9050
Fax   913-647-9057
srb@hoveywilliams.com
jcb@hoveywilliams.com
mbw@hoveywilliams.com

Of Counsel:

Mark Hellmann
Hellmann Law Group
2 North LaSalle Street, Suite 1808
Chicago, Illinois 60602
Tel.   312-580-9070
Fax   847-556-0031
mark@hellmann.com

ATTORNEYS FOR PLAINTIFF
BRICKSTOP CORPORATION

Respectfully submitted,

Monica L. Thompson
Richard Blake Johnston
Daniel Hwang
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
Tel.   312-368-4000
monica.thompson@dlapiper.com
blake.johnston@dlapiper.com
daniel.hwang@dlapiper.com

ATTORNEYS FOR DEFENDANT
VALLEY VIEW INDUSTRIES, H.C., INC.